Judge Marshall
delivered the Opinion of1 the Court.
This scire facias wns sued out by Maní 5s Administra-, trix, to have execution against Thomas, as the bail of pettit and Barklcv: against whom the administratrix had obtained a judgment in an action by pef-ion andSUjnmons. Thomas cbmurrod to the scire facias, and his ... , . . , demur!er having been overruled, and execution ol the judgment awarded against him, the only question is, whether bail could be properly taken in a proceeding by petition and summons, upon an affidavit by the plainijffj and an endorsement by the clerk, as in actions com- . , mencmg by capias.
As the law stood before the passage of the act of 1821, tto abolish imprisonment for debt,’ bail was only demandable in actions commencing by capias. In certa'n specified actions, it might be required at the will of the plaintiff, and upon his mere requisition. In other cases it could not be demanded without an. affidavit, But it was never authorized by statute, and could not be demanded on common law principles, in any case commencing by a mere summons, under which the defendant could not be arrested, and therefore, could not consistently be required to give bail.
The statute of 1821 (1 Slat. Lato, 195,) enacts that— “Hereafter no person or persons shall be arrested upon any original or mesne process, or required to give bail, unless upon an affidavit being filed” &c. “and upon such affidavit being filed, the clerk shall endo.rse that bail is required &c.”
Upon comparing this statute with the law as it had previously existed, and taking into view its obvious pur-, pose of abolishing imprisonment for debt, as far as it *453 could with propriety be done, we cannot suppose, that the provision on the subject of bail was intended to enlarge the number of cases in which it should be demandable; but must consider it as intended to diminish the • , • . . . , privilege or demanding bail, by restricting it to those cases only in whiph the plaintiff would make the requisite affidavit. According to this interpretation, which, as we think, is conformable to the letter as well as to the spirit of the statute, it does not authorize bail to be demanded, upon the mere filing of an affidavit, in cases in wl ich it could not have been required before, pithe.r with or without affidavit; I ut refuses it unless ap affidavit be filed, even in cases in which it could have been formerly required. Of course, it'does not extend the right of requiring bail to a proceeding by petition and summons, in which it could not have been previously demanded on any terms. The process did not require or. admit of an arrest, and therefore cannot be embraced in the statute by any reasonable construction.
The obligation of the bail having been taken without authority, has. no force under the statute, and does not subject the bail to an 'execution upon the judgment. The demurrer to the scire facias should, therefore, have, been sustained; and for the error of the Court in overruling it, the judgment is reversed, and the cause remanded with instructions to render .a judgment on the dpptun’er against the plaintiff,